**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALFREDO ZHUNO-LIVICURA,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| **v.** | : | **NO. 26-cv-07255** |
| **WARDEN J.L. JAMISON, et al.,** | : | |
| **Respondents.** | : | |

# Memorandum Opinion

This matter is before the Court on Petitioner Alfredo Zhuno-Livicura's Petition for Writ of Habeas Corpus (ECF No. 1). Upon consideration of the Petition, and Respondents' Response thereto (ECF No. 4), the Court finds that a hearing would not aid in the decisional process, and the Petition is denied, as follows.

## I. BACKGROUND

On September 15, 2026, Petitioner was arrested on his way to work. ECF No. 1, ¶ 1. According to Petitioner, immigration officials were not aware of his presence at that time and did not have any information about him before his arrest. *Id.* ¶ 2. Petitioner contends that his warrantless arrest violates the Due Process Clause of the Fifth Amendment, as well as the laws and regulations regulating when a noncitizen may be arrested for potential immigration violations and governing the issuance of immigration warrants.

While the Government agrees that Petitioner's arrest was not preplanned, immigration authorities subsequently issued a warrant for Petitioner's arrest, pursuant to which Petitioner is now detained. *See* ECF No. 4-3 (Warrant for Arrest of Alien); ECF No. 4-4 (Notice of Custody Determination). Petitioner has requested a bond hearing pursuant to 8 U.S.C. § 1226(a), and one

is scheduled for October 5, 2026. *See* ECF No. 4, at 2; *see also* ECF No. 4-5.[1]

## II. LEGAL STANDARD

Federal courts may issue writs of habeas corpus if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner has the burden of demonstrating that the challenged detention is unlawful. *See Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *2 (May 14, 2026) (citing *Goins v. Brierly*, 464 F.2d 947, 949 (3d Cir. 1972) ("It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody.")).

## III. DISCUSSION

### A. Petitioner Has Failed to Exhaust His Administrative Remedies

Section 1226(a) provides: "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Further, "[e]xcept as provided in subsection (c) [relating to mandatory detention] and pending such decision, the Attorney General (1) may continue to detain the arrested alien." *Id.* If the alien is not subject to mandatory detention under 8 U.S.C. § 1226(c), the DHS district director makes an initial custody determination. *See* 8 C.F.R. § 236.1(c). Thereafter, if the alien is not subject to a final order of removal, the alien may seek release by requesting a bond hearing before an immigration judge, with appeal to the Board of Immigration Appeals ("BIA"). *Id.* §§ 236.1(d), 1003.19.

[1] The Court understands that bond hearings pursuant to Section 1226(a) are not available at the Federal Detention Center in Philadelphia. In order to attempt to avoid delay, on September 28, 2026, the Court entered an order authorizing the Petitioner to be transferred to an appropriate facility within the Commonwealth of Pennsylvania to facilitate a bond hearing under Section 1226(a), while ensuring that Petitioner remains in a jurisdiction where Section 1226(a) bond hearings are occurring in the ordinary course pursuant to the Third Circuit's decision in the matter of *Buele Morocho*.

"In general, [a petitioner] must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241." *See Ubaid*, 2026 WL 1346670, at *3 (quoting *Pinet v. Holt*, 316 F. App'x 169, 171 (3d Cir. 2009) (per curiam)); *see also Beradze v. Jamison*, No. 2:26-cv-07111, 2026 WL 2859721, at *1 (E.D. Pa. Sept. 23, 2026), citing *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (explaining the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241").

"Requiring exhaustion is 'particularly important in the resolution of cases involving constitutional issues,' as here." *Piatukho v. Jamison*, No. 2:26-cv-6413, 2026 WL 2719267, at *3 (E.D. Pa. Sept. 15, 2026) (quoting *Republic Indus. v. Cent. Pa. Teamsters Pension Fund*, 693 F.2d 290, 293 (3d Cir. 1982) ("If the administrative tribunal decides a case on nonconstitutional grounds, the court may find it unnecessary to proceed with constitutional adjudication. In this way, exhaustion furthers the concept of judicial restraint . . . .")).

Here, it is undisputed that Petitioner has not exhausted his administrative remedies. A bond hearing under Section 1226(a) fully meets constitutional requirements for the reasons discussed in greater detail below, and would provide Petitioner with an individualized review of his detention. Accordingly, the Petition is denied for failure to exhaust his administrative remedies.

**B. Petitioner is Not Entitled to Relief on Substantive Due Process Grounds**

Under the Due Process Clause of the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const., Amend. 5, cl. 4. In addition to those rights set forth in the Constitution, the Due Process Clause of the Fifth Amendment has been interpreted to "specially protect[] those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition,' and 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if it were sacrificed.'"

*Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (internal citations omitted). In evaluating whether a claimed unenumerated right meets this standard, courts "engage[] in a careful analysis of the history of the right at issue," and "[h]istorical inquiries of this nature are essential whenever we are asked to recognize a new component of the 'liberty' protected by the Due Process Clause." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 238-39 (2022); *see also Glucksberg*, 521 U.S. at 711-16 (surveying "over 700 years" of "Anglo-American common-law tradition").

"'Substantive due process' analysis must begin with a careful description of the asserted right, for '[t]he doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.'" *Reno v. Flores*, 507 U.S. 292, 302 (1993) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)); *Glucksberg*, 521 U.S. at 720 (explaining necessity for the "utmost care" "lest the liberty protected by the Due Process Clause be subtly transformed into the policy preferences" of the judiciary) (internal quotation marks and citation omitted).

Here, Petitioner asserts a liberty interest in being free from detention, but cites a series of cases involving procedural due process, including *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). ECF No. 1, ¶¶ 58-62; *see also Beradze*, 2026 WL 2859721, at * 2 ("[I]t is unclear why Petitioner characterizes the due process protections recognized in *Jackson v. Indiana* as 'substantive.'") (citing *Foucha v. Louisiana*, 504 U.S. 71, 79-80 (1992) (characterizing *Jackson* as recognizing *procedural* protections, distinct from a discussion of substantive due process)). Accordingly, the Court will turn to Petitioner's procedural due process arguments.

**C. A Bond Hearing Under Section 1226(a) Satisfies Procedural Due Process**

Petitioner contends that the availability of a bond hearing pursuant to 8 U.S.C. § 1226(a) is inadequate as a matter of procedural due process. ECF No. 1, ¶¶ 49-57. This Court disagrees.

When evaluating the process due to noncitizens under the Due Process Clause, courts consider:

> (1) [T]he private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Buele Morocho v. Warden Phila. FDC*, Nos. 26-cv-1150, 26-cv-1454, __ F.4th __, 2026 WL 2546223, at * 9 (3d Cir. 2026) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Turning first to the private interest factor, Petitioner has a clear interest in being free from physical restraint. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Buele Morocho*, 2026 WL 2546223, at * 9 (explaining "[f]reedom from imprisonment – from custody, detention, or other forms of physical restraint – lies at the heart of the liberty that [the Due Process] Clause protects," and recognizing the particular interests of "noncitizens who have lived in the United States for extended periods of time with no criminal records") (citations omitted).

As to the second factor, the risk of erroneous deprivation, however, "Petitioner has administrative processes available to him in the form of an individualized bond hearing and the right to appeal a bond decision. These procedures protect against the risk of an erroneous deprivation of his liberty interest." *Beradze*, 2026 WL 2859721, at * 2. Thus, this factor favors Respondents.

The final factor similarly favors Respondents. The Government has a "legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings[.]" *Id.* (quoting *Buele Morocho*, 2026 WL 2546223, at *10). Whether this generalized interest is applicable on the facts of Petitioner's case is not dispositive – that is a matter for an individualized determination through a bond hearing under Section 1226(a).

Accordingly, the Court finds that the *Mathews* factors weigh in favor of concluding that an individualized bond hearing, with appeal to the BIA, is constitutionally sufficient, and Petitioner's procedural due process rights can be protected by requiring Petitioner to exhaust his administrative remedies.

**D. A Habeas Proceeding is Not the Appropriate Vehicle for Petitioner to Dispute the Legality of His Initial Arrest**

Petitioner's argument that his arrest was unlawful because it was conducted without a previously existing warrant, and because he contends that the government did not follow its own procedures regarding the issuance of warrants, is also unavailing. *See* ECF No. 1, ¶¶ 46-48 (claiming violations of the Immigration and Nationality Act), 63-66 (claiming violations of the *Accardi* doctrine). The relevant question on habeas review "is whether Petitioner is presently 'in custody in violation of the Constitution or laws or treaties of the United States,'" and not "whether ICE's paperwork could have been more complete at the moment of arrest." *See Par v. Jamison*, No. 26-3504, 2026 WL 1603299, at *4 (E.D. Pa. June 4, 2026) (Perez, J.). In other words, "[t]he Court will not order Petitioner's release based on an alleged arrest defect, when Petitioner's custody is now lawful." *See Cocha Cocha v. Tsoukaris*, No. 26-cv-9857, 2026 WL 2806733, at *3 (D.N.J. Sept. 18, 2026); *cf. Frisbie v. Collins*, 342 U.S. 519, 522 (1952) (finding that irregularities in the manner of a criminal defendant's arrest do not preclude ensuing prosecution). Here, a warrant was issued for Petitioner's arrest, and he is currently in custody pursuant to that warrant. *See* ECF No. 4, at 13-14; ECF No. 4-3 (Warrant for Arrest of Alien). Accordingly, Petitioner's present custody is lawful, and the Court need not resolve whether the warrant was issued before, after, or in parallel with his arrest in order to deny the Petition, and Petitioner's arguments fail as a matter of law in this respect as well.

Finally, in the interests of completeness, even if Petitioner's claims were cognizable on

habeas review as a matter of law, the Court observes that Petitioner's arrest was lawful pursuant to 8 U.S.C. § 1357(a)(2), which authorizes the arrest of "any alien in the United States, if [the arresting agent] has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." *Id.* Under Section 1357(a)(2), the alien must then "be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States," and the implementing regulations require "a determination . . . within 48 hours of the arrest . . . whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." *See id.*; *see also* 8 C.F.R. § 287.3(d). That is what occurred here. During the traffic encounter during which Petitioner was arrested, in addition to observing a potential fugitive flee agents and enter the vehicle in which Petitioner was traveling, the arresting agents observed "the other passengers [including Petitioner] making suspicious and furtive movements and otherwise [in] non-compliance" with the officers' commands. *See* ECF No. 4-2, at 4-5. Petitioner was then arrested, and received the process due under Section 1357(a)(2), and its implementing regulations. *See* ECF Nos. 4-1 (Notice to Appear), 4-3 (Warrant for Arrest of Alien), & 4-4 (Notice of Custody Determination). The Petitioner's arguments fail as a matter of both law and fact, and the Petition will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Petition will be denied. An appropriate order will issue.

Dated: September 30, 2026.

/s/ Antonio M. Pozos
**ANTONIO M. POZOS, J.**